IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| RALPH WILSON, JR., personally and as Agent/Owner/Operator of Ralph Wilson Law PC d/b/a Ralph Wilson Law Firm LLC, | ) ) ) ) | C/A No. 4:22-cv-2312-JD-KDW |
| Plaintiff, | ) ) | **ORDER AND OPINION** |
| vs. | ) ) ) | |
| SOUTH CAROLINA LAW ENFORCEMENT DIVISION; ASHLEY JOLDA, individually and as an employee of South Carolina Law Enforcement Division; KEVIN STRICKLAND, as an employee of South Carolina Law Enforcement Division; HORRY COUNTY CLERK OF COURT; KEVIN BRACKETT, in his official capacity as Sixteenth Circuit Solicitor; MYRTLE BEACH POLICE DEPARTMENT; AMY PROCK, as Chief of Myrtle Beach Police Department; JARRED MACKIN, as an employee of Myrtle Beach Police Department; S.M. FULLWOOD, as an employee of Myrtle Beach Police Department; MATHEW CHIVATONNI, as an employee of Myrtle Beach Police Department; M.S. PAITSEL, as an employee of Myrtle Beach Police Department; S. CLOTHIER, as an employee of Myrtle Beach Police Department; B. DEVOID, as an employee of Myrtle Beach Police Department; L. COOK, as an employee of Myrtle Beach Police Department; OFFICER SHANNON, as an employee of Myrtle Beach Police Department; GRAY MEDIA GROUP, INC., d/b/a GRAY TELEVISION, INC. d/b/a WIS; SUN NEWS; FITSNEWS, LLC; SINCLAIR BROADCAST GROUP, INC. d/b/a WPDE; and MYRTLEBEACHSC NEWS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

1

This matter is before the Court with three Reports and Recommendations titled "Report and Recommendation-Defendant Kevin Brackett," (DE 87) ("Brackett-RR"), "Report and Recommendation-Defendants Myrtle Beach Police Dept., Clothier, Cook, Devoid, Fullwood, Mackin, Paitsel, and Prock," (DE 88) ("MBPD-RR"), and "Report and Recommendation-Defendants SLED, Jolda, and Strickland," (DE 89) ("SLED-RR") (collectively, "Report and Recommendations" or "Reports") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Plaintiff Ralph Wilson, Jr., personally and as Agent/Owner/Operator of Ralph Wilson Law PC d/b/a Ralph Wilson Law Firm, LLC ("Plaintiff" or "Wilson"), an attorney representing himself along with co-counsel, has filed multiple state and federal causes of action against the captioned Defendants arising from his arrest following a domestic dispute as discussed below.

 Defendants Kevin Brackett, in his official capacity as Sixteenth Circuit Solicitor ("Brackett"); Myrtle Beach Police Department ("MBPD"), Amy Prock, as Chief of Myrtle Beach Police Department ("Prock"), Jarred Mackin, as an employee of Myrtle Beach Police Department ("Mackin"), S.M. Fullwood, as an employee of Myrtle Beach Police Department ("Fullwood"), M.S. Paitsel, as an employee of Myrtle Beach Police Department ("Paitsel"), S. Clothier, as an employee of Myrtle Beach Police Department ("Clothier"), B. Devoid, as an employee of Myrtle Beach Police Department ("Deviod"), and  L. Cook, as an employee of Myrtle Beach Police Department ("Cook") (collectively "MBPD Defendants"); Defendants South Carolina Law Enforcement Division ("SLED"), Ashley Jolda, individually and as an employee of South Carolina

---

[1]       The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

Law Enforcement Division ("Jolda"), and Kevin Strickland, as an employee of South Carolina Law Enforcement Division ("Strickland") (collectively "SLED Defendants") filed three motions to dismiss. (DE 75, Bracket; DE 40, MBPD Defendants; and DE 27, SLED Defendants.) Together, the defendants moving to be dismissed will be called the "Moving Defendants."

The Reports were issued on July 31, 2023, recommending Plaintiff's claims against the Moving Defendants be dismissed. (DE 87, 88, and 89.) Plaintiff filed three objections to the Reports on August 14, 2023. (DE 90, 91, and 92, respectively.) The MBPD Defendants and SLED Defendants filed replies on August 28, 2023. As explained below, the Court adopts the Reports as modified and dismisses the Moving Defendants from this action.

## BACKGROUND

The heart of Plaintiff's Complaint concerns a fight between Plaintiff and his wife ("Ms. Wilson") on or about January 24, 2021, which ultimately resulted in Wilson's arrest and Wilson entering a guilty plea for charges stemming from the interaction. As alleged in the Complaint, on January 24, 2021, Defendant MBPD responded to a third party, non-witness call regarding a potential domestic altercation in Plaintiff Wilson's neighborhood. (DE 1-1, p. 10.) Ms. Wilson told MBPD Defendants that Plaintiff punched her, threw water on her, and took her work cell phone. (Id.) Ms. Wilson also stated their children heard but did not see the alleged altercation. (Id.) Ms. Wilson refused medical attention. (Id.)

Defendant Jolda, an officer with Defendant SLED, arrived after Defendant MBPD officers spoke to and obtained video and written statements from Ms. Wilson. (Id. at 11.) After speaking with Ms. Wilson for about 15 minutes, Defendant Jolda decided to arrest Plaintiff. (Id.) Plaintiff alleges at the time of his arrest, he had video evidence that contradicted Ms. Wilson's statement.

Ms. Wilson informed Defendant Jolda that Plaintiff was considering running for chief prosecutor for Horry and Georgetown County, which Plaintiff alleges was then relayed to the Horry County Solicitor's Office. (Id.) Plaintiff alleges Defendant Jolda consulted Fifteenth Circuit Solicitor Jimmy Richardson, II, or one of his agents or employees about procuring a warrant.[2] (Id.) Plaintiff alleges Defendant Jolda presented an arrest warrant for a domestic violence charge. (Id.) Plaintiff alleges statements made within this arrest warrant were false and made deliberately by Defendant Jolda, knowing them to be false or made with reckless disregard for the truth. (Id. at 14.) Plaintiff alleges the magistrate relied on false statements within the arrest warrant to charge Plaintiff with domestic violence in the first degree. (Id.) Plaintiff alleges Defendant Jolda served the warrant for domestic violence on Plaintiff on January 25, 2021, at J. Reuben Long Detention Center. (Id.)

Plaintiff further alleges Defendant Jolda and MBPD Defendants produced false statements and compromised photographs to obtain this warrant, including photographs with "a color profile mismatch" and the use of a non-functioning printer causing banding issues. (Id. at 12.) Plaintiff alleges Defendant SLED issued a media release that included a copy of this search warrant containing the allegedly false statements to the news media. (Id.) Plaintiff alleges news outlets, relying on Defendant Jolda's statements and Defendant SLED's media release, portrayed Plaintiff as a violent criminal who attacked a woman in front of her children. (Id. at 15.) On December 6, 2021, Plaintiff pled no contest to simple assault "with substantially different facts" than the ones presented by Defendant Jolda. (Id.) Plaintiff alleges he could not work and earn a living from January 24, 2021, through February 7, 2022. (Id. at 18.) Plaintiff asserts because of the misconduct and failure to investigate, Plaintiff suffered emotional and monetary damages. (Id.)

---

[2]    Jimmy Richardson, II, was initially named as a Defendant but dismissed from this lawsuit by a Stipulation of Dismissal on August 24, 2022. (DE 11.)

Plaintiff alleges he lost income due to publishing untrue facts about him, and he lost goodwill and reputation within the community.  (Id.)

Plaintiff was placed on interim suspension from the practice of law by the South Carolina Supreme Court on February 1, 2021, which Plaintiff alleges resulted from the arrest and allegations contained in the warrant.  (Id. at 16.)  Plaintiff alleges he and his practice, Wilson PC, lost contracts with the South Carolina Commission on Indigent Defense and other clientele, including corporate clients.  (Id.)  Plaintiff alleges he had to remove his law firm's media and advertisements and was deprived of earning income for over a year.  Plaintiff alleges Defendant Strickland, acting in his official capacity under SLED, made inappropriate comments to Plaintiff's former clients and another client of the firm regarding his arrest.  (Id.)

### a. Defendant Brackett

As it relates to Defendant Brackett, in his capacity as Sixteenth Circuit Solicitor, Plaintiff contends in his First Cause of Action (42 U.S. Code §1983 – Fourth & Fourteenth Amendment for violation of due process – failure to investigate) that Brackett violated Plaintiff's due process rights by failing to "enforce policies that require investigation prior to continued prosecution of falsified arrest warrants and in any and all other ways which may be learned during the exchange of discovery."  (DE 1-1, p. 20).  Plaintiff names Brackett in his Third Cause of Action (42 U.S. Code §1983 – False Arrest), alleging Brackett committed a false arrest.  (Id. at 25.)  At any rate, the Complaint does not allege any facts or conduct by Brackett to support this claim.  Similarly, Plaintiff names Brackett in the heading of his Fourth Cause of Action (42 U.S. Code §1983 – Violation of Due Process), alleging Brackett violated his due process rights.  (Id.) Yet again, the Complaint does not allege any facts or conduct by Brackett to support this claim.  Finally, Plaintiff brings state-law claims for negligence (the sixth cause of action), gross negligence (the seventh

cause of action), and negligence per se claim (the eighth cause of action) against all Defendants and generally alleges a duty of care owed to Plaintiff and breached by Defendants. (Id. at 27-29.) As to Brackett, Plaintiff alleges negligent supervision, negligent hiring, negligent retention, malicious prosecution, and vicarious liability for the acts of assistant solicitors, tortious interference (the nineteenth cause of action), and intentional infliction of emotional distress (the twentieth cause of action) and negligent infliction of emotional distress claim (the twenty-first cause of action) against all Defendants. (Id. at 43-45.) Plaintiff further alleges violation of the Fourth Amendment in that he oversaw the daily operations of the assistant solicitors (id. at 51); deliberate indifference to the risk that policies and practices would cause (id. at 51); and a state law civil conspiracy claim against Brackett, (id. at 52).

Still, Brackett contends he is entitled to prosecutorial immunity, that the doctrine of respondeat superior does not apply in a case brought under 42 U.S.C. § 1983, and Plaintiff has established no constitutional claim against him.

### b. MBPD Defendants

As it relates to the MBPD Defendants, Plaintiff alleges they violated Wilson's due process rights by failing to "enforce policies that require investigation prior to continued prosecution of falsified arrest warrants and in any and all other ways which may be learned during the exchange of discovery" (DE 1-1 at 20); MBPD Defendants were present but failed to intervene or investigate Defendant Jolda's presence at the residence of Plaintiff, (id. at 21); and that they committed a false arrest, (id. at 25), although Wilson does not provide any facts or allege any conduct on the part of the MBPD Defendants to support this claim. Similarly, Plaintiff identifies the MBPD Defendants in the heading of the Fourth Cause of Action (42 U.S. Code §1983 – Violation of Due Process), alleging MBPD Defendants violated Plaintiff's due process rights. (Id.) At any rate, Plaintiff does

not allege facts to support this claim.  In addition, Plaintiff alleges a false arrest claim (the fifth cause of action) against MBPD, alleging several of its officers assisted Defendant Jolda in "failing to investigate[]"[3] (id. at 26); a negligence claim (the sixth cause of action), a gross negligence claim (the seventh cause of action), and a negligence per se claim (the eighth cause of action) against all Defendants (id. at 27-29).  Further, Plaintiff generally alleges a duty of care owed to him and breached by the MBPD Defendants (id.) and a negligent supervision claim against Defendant MBPD and Defendant Prock, alleging they employed the other MBPD Defendant officers during the time of their violations of his rights (id. at 30).  Plaintiff also alleges a negligent hiring claim against Defendant MBPD and Defendant Prock, alleging the other MBPD Defendant officers were acting as agents of Defendants MBPD and Prock (id. at 32), and a negligent retention claim against Defendant MBPD and Defendant Prock, alleging they knew or should have known "there was a prior conduct" of the other MBPD Defendants, it was foreseeable that the other MBPD Defendants would cause harm, and such conduct provides a nexus to Plaintiff's harm[4] (id. at 34).

Lastly, Plaintiff alleges an abuse of process claim, generally alleging that the MBPD Defendant's officers "acted willful in their use of process that is improper because it was either unauthorized or aimed at an illegitimate collateral objective," (id. at 42) vicarious liability for the acts of the other MBPD Defendants who were acting as its agents, (id. at 42-43); a tortious interference claim (the nineteenth cause of action), intentional infliction of emotional distress claim (the twentieth cause of action), and a negligent infliction of emotional distress claim (the

---

[3]    Even so, this allegation contradicts a prior allegation, wherein Plaintiff alleges that the MBPD spoke with Ms. Wilson and obtained video and written statements from her.  (DE 1-1, p. 10.)

[4]    Plaintiff does not allege any facts or otherwise reference what prior conduct he is referring to in this cause of action.

twenty-first cause of action) against all Defendants, (id. at 43-45); and a state law civil conspiracy claim against MBPD, (id. at 52).

MBPD Defendants argue Plaintiff has provided no basis for any federal claims brought under 42 U.S.C. § 1983. (DE 40-1, p. 4.) Additionally, MBPD Defendants argue if Plaintiff seeks to bring state-law claims, he may only pursue those causes of action allowed under the South Carolina Tort Claims Act. (Id. at 5.) Finally, MBPD Defendants argue that Plaintiff Wilson's plea collaterally estops Plaintiff from bringing this lawsuit. (Id. at 7.)

### c. SLED Defendants

Regarding the SLED Defendants, Plaintiff brings twenty-two causes of action,[5] including claims brought under §1983, negligence claims, defamation claims, abuse of process, a "vicarious liability" claim, a tortious interference claim, and a civil conspiracy claim. (See DE 1-1.) The SLED Defendants raise three defenses to these claims: (1) Plaintiff Wilson is collaterally estopped from bringing these claims because of the entry of his plea in the underlying criminal matter; (2) the claims fail on the merits; or (3) the claims are barred. (DE 27, p. 9.) Accordingly, the SLED Defendants argue that Plaintiff fails to state allegations sufficient to support any of his claims, including his four claims brought under §1983 against SLED and Defendant Jolda. The Complaint includes no federal claims brought against Defendant Strickland. Plaintiff argues that he has articulated a sufficient basis for stating a claim for each of these causes of action.

## DISCUSSION

Wilson has objected to the Brackett-RR (DE 87), MBPD-RR (DE 88), and the SLED-RR (DE 89). (DE 90, 91, 92, respectively) However, to be actionable, objections to a report and

---

[5]    Of Plaintiff's twenty-two causes of action against SLED Defendants, seventeen causes of action are against Defendant Jolda, and nine causes of action are against Defendant Strickland.

recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court addresses Plaintiff's objections in turn.

### a. Defendant Brackett and MBPD Defendants

Plaintiff objects to the MBPD-RR (DE 88) and the Brackett-RR (DE 87) on two grounds: (1) The MBPD-RR (DE 88) and the Brackett-RR (DE 87) recommend dismissal "before the parties can engage in discovery is highly prejudicial to Plaintiff[] and is highly contrary to established law, essentially treating a Motion to Dismiss as a Motion for Summary Judgment," (DE 91, p. 8; DE 92, p. 8); and (2) "The Report fails to act in concert and allow the Plaintiff[] leave to amend their pleadings upon a finding of failure to state a claim," (id. at 10). As to Plaintiff's discovery objection, a lack of discovery is not a proper defense to a Rule 12(b)(6), Fed. R. Civ. P., motion to dismiss. A motion to dismiss for failure to state a claim challenges the legal sufficiency of a complaint. See Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true,

to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  Furthermore, when analyzing a Rule 12(b)(6) motion, "[i]n addition to the complaint, we may consider 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'  We may also consider documents 'attached to the motion to dismiss, so long as they are integral to the complaint and authentic.'"  <u>Kashdan v. George Mason Univ.</u>, 70 F.4th 694, 700 (4th Cir. 2023) (internal citations omitted); <u>see</u> <u>also</u> <u>Goldfarb v. Mayor & City Council of Balt.</u>, 791 F.3d 500, 508 (4th Cir. 2015) ("Under narrow circumstances, a court may rely on extrinsic materials to determine a motion to dismiss without converting the proceeding into a motion for summary judgment. . . . For example, a court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" (internal citations omitted)).  A de novo review of the record and the Reports reveals the recommendations do not disregard these principles, nor has this Court considered any matters outside the purview of a 12(b)(6) motion, so Plaintiff's objection is overruled.[6]

Regarding the objection to an opportunity to amend the Complaint, Plaintiff only mentioned this request in opposition to the applicable motions to dismiss.  (DE 65, pp. 10, 13, 16; DE 80, pp 13, 15. )  Plaintiff has not filed a motion regarding the same, nor has he met the good cause standard governing leave to amend after the scheduling order deadline passed, which in this case was on October 13, 2022.  (DE 10, pp. 1-2); <u>see also</u> Rule 16(b)(4), Fed. R. Civ. P.  Therefore, the Court overrules these objections without prejudice.

---

[6]     Plaintiff raises this same objection to the SLED-RR (DE 90, p. 12), and therefore, the Court overrules that objection for the same reasons stated here without further discussion.

### b. SLED Defendants[7]

In addition, Plaintiff raises three objections to the SLED-RR regarding the SLED Defendants.  (DE 90.)  First, Plaintiff alleges that "[t]he Report fails to acknowledge the criminal conduct and properly apply the Franks v. Delaware standard."  (DE 90, p. 8, citing Franks v. Delaware, 438 U.S. 154 (1978).[8])  Plaintiff thus contends that "[a]n officer of the Court presenting a warrant, must not only be truthful[] but must provide the tribunal with all relevant evidence."

---

[7]    To begin with, Plaintiff did not object to fourteen specifically enumerated recommendations in the SLED-RR (DE 90).  (DE 89.)  Because Plaintiff did not object to these recommendations, the Court must satisfy itself only that there was no clear error in those recommendations.  See United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) (holding Section 636(b)(1) "contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only '*those portions* of the report or *specified* proposed findings or recommendations *to which objection is made.*'" (emphasis in original)).  The Court finds that there was no such clear error, and therefore, dismisses all of Plaintiff's state tort claims (claims 5-21 and 29) without further discussion.

Furthermore, given Plaintiff has not objected to the SLED-RR's recommendation that the SLED Defendants are entitled to Eleventh Amendment Immunity, they cannot be sued in federal court, except for in their individual capacity claims.  The Eleventh Amendment provides: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State."  U.S. CONST. amend. XI.  The United States Supreme Court has long held that the Eleventh Amendment also precludes suits against a state by one of its own citizens.  See Edelman v. Jordan, 415 U.S. 651, 662-63 (1974).  This immunity extends not only to suits against a state per se but also to suits against agents and instrumentalities of the state.  See Cash v. Granville Cnty. Bd. of Ed., 242 F.3d 219, 222 (4th Cir. 2001).  Accordingly, for this reason, in addition to the other reasons provided, Plaintiff's §1983 claims against the SLED Defendants (except for Defendant Jolda individually) must be dismissed.

[8]    In Franks, the Supreme Court held "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.  In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit."  Franks v. Delaware, 438 U.S. at 155-56.  Plaintiff's reliance on Franks is unclear (except for the alleged intentional false statements) because he does not seek a Franks hearing, nor could he, given that he did not challenge the veracity of the affidavit before pleading no contest to simple assault.  (DE 1-1, ¶ 91.); see also United States v. White, 850 F.3d 667, 673 (4th Cir. 2017) ("Federal Rule of Criminal Procedure 12(b) requires defendants to make suppression requests, like a Franks hearing, before trial 'if the basis for the motion is then reasonably available.'").  Since Plaintiff does not allege he was denied a Franks hearing, he has failed to raise a Franks violation.

(DE 90, p. 8.)  Next, Plaintiff alleges "[d]ismissing this case before the parties can engage in discovery, while considering external documents, is highly prejudicial to Plaintiff[] and is highly contrary to established law, essentially treating a Motion to Dismiss as a Motion for Summary Judgment."  (Id. at 12.)  Lastly, Plaintiff alleges that "[t]he Report fails to act in concert and allow the Plaintiff[] leave to amend their pleadings upon a finding of failure to state a claim."  (Id. at 15.)

As to Plaintiff's Franks objection, Plaintiff states, "[t]he Report clearly misunderstands [Plaintiff's] arguments as well as the standard set forth in Franks when stating that 'accepting all allegations as true within the Complaint, it is clear from the Plaintiff's own allegations why these facts were put within the warrant.'"  (Id. at 8.)  Further, Plaintiff challenges the SLED-RR (DE 89) "determining what 'facts' are in this matter" and  misapprehending "Plaintiff['s] position regarding why these statements were placed in the arrest warrant[,]" i.e., Jolda presented and put information in the arrest warrant "for the purpose of presenting false testimony to the Magistrate Judge to seemingly achieve probable cause."  (DE 90, p. 8.)  Plaintiff's objections appear, at best, to relate to his §1983 claims in his First, Second, Third, Fourth, and Twenty-Sixth Causes of Action.  (DE 1-1; (First) 42 U.S. Code §1983 – Fourth & Fourteenth Amendment for violation of due process – failure to investigate, (Second) 42 U.S. Code §1983 – Franks v. Delaware violation as to Defendant Jolda, (Third) 42 U.S. Code §1983 – False Arrest[9], (Fourth) 42 U.S. Code §1983 – Violation of Due Process, and (Twenty-sixth) 42 U.S. Code §1983 – U.S. Const. Amend. IV as Defendant

---

[9]     Plaintiff's Third Cause of Action 42 U.S. Code §1983 – False Arrest fails to state a claim for relief because "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir. 1998).  Plaintiff does not allege the warrant was facially invalid; rather, Plaintiff alleges the affidavit in support of the arrest warrant contained false statements.  Equally, to the extent Plaintiff objects to the sufficiency of facts to support his false arrest claim for his initial warrantless arrest, Plaintiff's Complaint alleges contradictory facts and documents supporting and refuting probable cause.  See Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (The Court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.").  Therefore, even if Plaintiff's objection includes this claim, it is overruled.

SLED[10].) Still, at bottom, these claims and Plaintiff's objection asserting knowing and intentional false statement center on a lack of probable cause for his arrest.

"Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' The first step in any such claim is to identify the specific constitutional right allegedly infringed." Albright v. Oliver, 510 U.S. 266, 271, 114 (1994) (internal citation omitted). Furthermore, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) that he or she "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States," and (2) "that the conduct complained of was committed by a person acting under color of state law." Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983).

As to Plaintiff's objections related to his First and Fourth causes of action (premised on a failure to investigate), if these claims are based on the Due Process Clause of the Fourteenth Amendment, the SLED-RR ably and comprehensively addressed this ground for dismissal. (DE 89, p. 10 (citing Safar v. Tingle, 859 F.3d 241, 245 (4th Cir. 2017) ("As an initial matter, we are mindful of the Supreme Court's injunction that the Due Process Clause is not the proper lens through which to evaluate law enforcement's pretrial missteps. . . . The Fourth Amendment, then, is the only actionable ground for relief.")).) This Court agrees with the SLED-RR, and so the

---

[10]     As to Plaintiff's Twenty-sixth Cause of Action, 42 U.S. Code §1983 – U.S. Const. Amend. IV as the Defendant SLED, Plaintiff does not allege sufficient factual matters to state a claim for relief. In particular, the claims asserted here depend on SLED authorizing its employees to engage in unconstitutional policies, patterns, and practices without describing the conduct. (DE 1-1, ¶¶ 336 – 346.) A motion to dismiss for failure to state a claim challenges the legal sufficiency of a complaint. See Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Since Plaintiff has not identified the specific conduct, Plaintiff's Twenty-sixth cause of action must be dismissed.

Court overrules Plaintiff's objections purporting to raise Fourteenth Amendment due process objections about the sufficiency of his Complaint.[11]

As to Plaintiff's <u>Franks</u> violation – in support of his Second Cause of Action against Defendant Jolda, individually, the Court finds that Plaintiff has alleged sufficient facts to support a claim she provided a false statement with reckless disregard for the truth to the magistrate.  While the arrest warrant alleges, among other things, that "[a]ll of these acts occurred in front of the defendant's __child and __ child[,]" Plaintiff's Complaint alleges otherwise.  For example:

> During the video recorded interview, Jessica Wilson tells MBPD Officer Shannon during her interview that 'kids heard it but they were not in the room' (Wilson Interview I at 21:32:38).

> During the video recorded interview, Jessica Wilson tells Defendant Jolda the children heard things but did not see anything. (Wilson Interview 2 at 17:31:41). Jessica Wilson states the interaction with Plaintiff Wilson occurred in a bedroom while the children were on the couch in another room. (Wilson Interview 3 at 18:24:29). The older minor child was upstairs; the younger minor child was on the couch on the ipad.

> During the video recorded interview, minor M.W. informs Defendant Jolda she was upstairs and heard something so she came down to sit with her sister on the couch in the other room (Wilson 3 at 18:56:26) then heard them fighting and was not worried about it so went back upstairs (Wilson 3 at 18:57:29). [M.W.] tells Jolda she has never seen physical arguments between her mother and father (Wilson 3 at 19:01:41).

> During the video recorded interview, minor R.W. informs Defendant Jolda she was in the living room and heard something but did not look. (Wilson 3 at 19: 19:38 and Wilson 3 at 19:20:53).

---

[11]    Equally, if Plaintiff believes he has raised a failure to investigate claim (predicated on the Fourth Amendment) and even under a liberal pleading standard, Plaintiff's First Cause of Action refers to the Fourth Amendment in its heading only, yet the Complaint pleads facts in support of a Fifth and Fourteenth Amendment due process violation.  See <u>Elijah v. Dunbar</u>, 66 F.4th 454, 460 (4th Cir. 2023) ("[*P*]*ro se* filings must be construed liberally, 'so as to do substantial justice.' '[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'") (internal quotations and citations omitted)).  Here, however, although Plaintiff is *pro se* he is an attorney, and therefore, he is not entitled to a liberal construction of his pleadings.  Accordingly, since Plaintiff's First Cause of Action fails to state a plausible claim under the Fourth Amendment, his objection is overruled.

(DE 1-1, ¶¶ 54 – 57.)  "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Francis, 588 F.3d at 192.  Under this standard, Plaintiff has alleged facts to support a false statement with reckless disregard for the truth; however, these facts do not support a *cognizable* Franks claim for relief.  See supra note 8; see also Greer v. Gen. Dynamics Info. Tech., 808 F. App'x 191, 193 (4th Cir. 2020) ("In order to survive such a motion, the plaintiff must 'state a claim to relief that is plausible on its face.' A complaint that lacks sufficient factual allegations *or fails to identify a cognizable legal theory* cannot survive application of this standard." (emphasis added) (internal citation omitted)).  Plaintiff has not shown that a Franks violation is recognized or appropriate here, and so the Court overrules this objection despite the factual allegation raised by Plaintiff.  Accordingly, Plaintiff's Second Cause of Action against Defendant Jolda, individually, must be dismissed.

As to Plaintiff's request to amend the complaint in response to the motion to dismiss, Plaintiff fails to address the SLED-RR's finding that "Plaintiff had never moved to amend and 'provides no suggested amendment.'"  (DE 89, p. 33.)  Further, the SLED-RR correctly noted the scheduling order set a deadline of October 13, 2022, to move to amend the pleadings (DE 10, pp. 1-2), and Plaintiff has not met the good cause standard governing leave to amend after the scheduling order deadline passed.  Thus, the Court overrules this objection.

## CONCLUSION

Accordingly, after a thorough review of the Reports and Recommendations and the record, the Court adopts the Reports (DE 87, 88, and 89) and incorporates them by reference as modified here.

**THEREFORE, IT IS ORDERED** that Defendants Myrtle Beach Police Dept., Clothier, Cook, Devoid, Fullwood, Mackin, Paitsel, and Prock's Motion to Dismiss (DE 40) is granted, and they are dismissed from this case; Defendant Kevin Brackett's Motion to Dismiss (DE 75) is granted, and he is dismissed from this case; and Defendants SLED, Jolda, and Strickland's Motion to Dismiss (DE 27) is granted as to SLED, Jolda, and Strickland.

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
September 22, 2023

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.