IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| RALPH WILSON, JR., personally and as Agent/Owner/Operator of Ralph Wilson Law PC d/b/a Ralph Wilson Law Firm LLC, <br><br>Plaintiff, <br><br>vs. <br><br>MATTHEW CHIVATTONI; OFFICER SHANNON; HORRY COUNTY CLERK OF COURT; GRAY MEDIA GROUP, INC. d/b/a GRAY TELEVISION, INC. d/b/a WMBF; GRAY MEDIA GROUP, INC. d/b/a GRAY TELEVISION, INC. d/b/a WIS; SUN NEWS; FITSNEWS, LLC; SINCLAIR BROADCAST GROUP, INC. d/b/a WPDE.; and MYRTLE BEACH SC NEWS, <br><br>Defendants. | Case No.: 4:22-02312-JD-KDW <br><br><br>**ORDER** |

This matter is before the Court with a Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1]  (*See* DE 118.)  Plaintiff Ralph Wilson, Jr. ("Wilson" or "Plaintiff") initially filed this action in state court on May 31, 2022, and it was initially removed to this Court on July 19, 2022.  Plaintiff alleged multiple causes of action against

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

twenty-five named Defendants. (*See* DE 1.) This Court issued a scheduling order on August 18, 2022. (*See* DE 10.) Multiple Defendants moved to be dismissed. (*See* DE 5; 15; 18; 19; 22; 27; 29; 40.) Several Defendants were dismissed by way of Stipulations of Dismissal with Prejudice. (*See* DE 11; 31; 39; 59; 60.) But Plaintiff opposed three motions filed by Defendants South Carolina Law Enforcement Division ("SLED"), Ashley Jolda, and Kevin Strickland (collectively, the "SLED Defendants") (*See* DE 27); the Motion to Dismiss filed by Defendants Myrtle Beach Police Department, Prock, Macklin, Fullwood, Paitsel, Clothier, Devoid, and Cook, (*see* DE 40); and the Motion to Dismiss filed by Defendant Kevin Brackett. (*See* DE 75.) Before any rulings, the Court granted a Joint Motion to Stay the Scheduling Order (*see* DE 72), pending resolution of the pending dispositive motions. The Court instructed the parties to file a joint motion with a proposed amended scheduling order for the Court to consider, pending resolution of the dispositive motions. (*See* DE 72.)

On July 31, 2023, the Court docketed three Reports and Recommendations, recommending that the pending Motions to Dismiss be granted. (*See* DE 87, 88, 89.) On September 22, 2023, these recommendations were adopted, and an Order granting all three Motions to Dismiss was docketed. (*See* DE 98.) Plaintiff appealed these rulings on October 20, 2023. (*See* DE 104.) On April 2, 2024, the United States Court of Appeals for the Fourth Circuit dismissed the appeal for failure to prosecute pursuant to Local Rule 45. (*See* DE 113-1.) On April 9, 2024, this Court issued a text order directing Plaintiff to provide a status report as to the current posture of the case on or before April 23, 2024. (*See* DE 114.) To date, the parties have not provided the Court a joint proposed amended scheduling order, nor has Plaintiff responded to the text order issued by this Court on April 9, 2024. The case has been pending without any filing from Plaintiff since

October 26, 2023, when Plaintiff filed the Notice of Docketing from the Court of Appeals for the Fourth Circuit.

On April 25, 2024, after not having received a response from Plaintiff despite the Court's text order issued April 9, 2024, this Court issued another order, directing Plaintiff to advise the Court whether he wished to continue with his case and provide a status update by May 24, 2024. (*See* DE 115.) Plaintiff was specifically advised that a failure to respond would result in this action being dismissed with prejudice for failure to prosecute. Despite this warning, Plaintiff has not provided the Court with any response.

The Report was issued on May 28, 2024, recommending this action be dismissed with prejudice for failure to prosecute. (*See* DE 118.) No objections to the Report were filed. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Therefore, the Court adopts the Report (*See* DE 118) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's case is dismissed with prejudice pursuant to Fed. R. Civ. P. 41.

**IT IS SO ORDERED.**

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
July 19, 2024

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.